# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LePATNER & ASSOCIATES, LLP., PROACTIVE INTEGRITY ASSOCIATES, LLC, and LePATNER C3, LLC,<br><br>                    Plaintiffs,<br>vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW and RUDY HASL,<br>                    Defendants. | CASE NO. 13-CV-01950-H (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Doc. No. 13] |

On August 21, 2013, Plaintiffs LePatner & Associates, LLP, Proactive Integrity Associates, LLC, and LePatner C3, LLC ("Plaintiffs") filed a complaint against Defendants Thomas Jefferson School of Law and Rudy Hasl ("Defendants"), alleging state law causes of action for breach of contract, intentional misrepresentation, negligent misrepresentation, and quantum meruit. (Doc. No. 1.) On November 20, 2013, Defendants filed a motion to dismiss Plaintiffs' complaint. (Doc. No. 13.) On December 23, 2013, Plaintiffs filed their opposition to Defendants' motion. (Doc. No. 14.) On December 30, 2013, Defendants filed their reply. (Doc. No. 15.) On December 31, 2013, the Court vacated a hearing scheduled for January 6, 2014, and submitted the motion. (Doc. No. 16.) The Court grants Defendants' motion to dismiss without prejudice.

Federal Rule of Civil Procedure 17(b) requires that all entities initiating a lawsuit in federal court have legal capacity to sue.  Subsection 3 of the rule describes the requirements for all entities other than individuals and corporations; it directs courts to apply "the law of the state where the court is located" in determining whether an entity has capacity to sue.  Fed. R. Civ. P. 17(b)(3).  Defendants argue, and Plaintiffs concede, that California law requires foreign limited liability companies and partnerships to register in the state before it can maintain any legal action in the state.  (Doc. No. 13-1 at 17; Doc. No. 14 at 21.)  See also Cal. Corp. Code § 16959(h) ("A foreign limited liability partnership transacting intrastate business in this state shall not maintain any action, suit, or proceeding in any court of this state until it has registered in this state pursuant to this section."); Cal. Corp. Code § 17708.07(a) ("A foreign limited liability company transacting intrastate business in this state shall not maintain an action or proceeding in this state unless it has a certificate of registration to transact intrastate business in this state.").[1]  Plaintiffs further concede that the California Secretary of State had not yet issued their registrations as of the date on which they filed their opposition to Defendant's motion to dismiss.  (Doc. No. 14-1, LePatner Decl., ¶¶ 2-4.)  The Court, in view of the present record, determines that Plaintiffs lack the capacity to sue within the meaning of Rule 17.

///
///
///
///
///
///

---

[1] The California Corporate Code defines "intrastate business" as "entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce."  Cal. Corp. Code § 191.  Plaintiffs also do not dispute Defendant's assertion that Plaintiffs conduct intrastate business in California within the meaning of the phrase under California law.  (See Doc. No. 13-1 at 18-19; Doc. No. 14 at 21.)

1     Accordingly, the Court grants Defendants' motion to dismiss without prejudice. To cure deficiencies in their legal capacity, Plaintiffs must file a notice confirming their completed registrations and full compliance with Federal Rule of Civil Procedure 17(b) within **thirty (30) days** from the date of this order. Failure to do so may result in the dismissal of this action.

    **IT IS SO ORDERED.**

DATED: January 3, 2014

*[signature]*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT