# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LePATNER & ASSOCIATES, LLP., PROACTIVE INTEGRITY ASSOCIATES, LLC, and LePATNER C3, LLC,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW and RUDY HASL,<br>　　　　　Defendants. | CASE NO. 13-CV-1950-H (JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 22] |

On August 21, 2013, Plaintiffs LePatner & Associates, LLP, Proactive Integrity Associates, LLC, and LePatner C3, LLC ("Plaintiffs") filed a complaint against Defendants Thomas Jefferson School of Law and Rudy Hasl ("Defendants"), alleging state law causes of action for breach of contract, intentional misrepresentation, negligent misrepresentation, and quantum meruit. (Doc. No. 1.) On January 3, 2014, the Court granted Defendants' motion to dismiss without prejudice. (Doc. No. 17.) To date, Plaintiffs have not filed an amended complaint.

On February 10, 2014, Defendants filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 22.) On February 23, 2014, Plaintiffs filed their opposition to Defendants' motion. (Doc. No. 23.) On February 21, 2014, Defendants filed their reply. (Doc. No. 24.) A

hearing on the motion is currently scheduled for March 17, 2014 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), concludes that resolution of the motion does not require oral argument. The Court therefore vacates the scheduled hearing and submits the motion on the parties' papers.

The Court denies Defendant's motion to dismiss Plaintiffs' Complaint. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The Court already dismissed Plaintiffs' Complaint without prejudice on January 3, 2014, and Plaintiffs have not yet filed an amended complaint. (See Doc. No. 17.) Therefore there is no complaint currently before the Court. Cf. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.") Accordingly, the Court has nothing to test the sufficiency of, much less dismiss.

The Court denies Defendants' motion to dismiss without prejudice.

**IT IS SO ORDERED.**

DATED: March 13, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT